IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-10655
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE MANUEL PAREDES-MENDEZ, also known as Andreas Garcia

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-391

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Paredes-Mendez (Paredes) appeals the 64-month sentence he received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He contends that the sentence imposed is unreasonable because the Guidelines do not take into account the remoteness of his prior drug-trafficking conviction or the small quantity of drugs involved. Paredes further argues that the sentence imposed does not comport with the goals of 18 U.S.C. § 3553(a), especially § 3553(a)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the sentence Paredes received fell within the correctly calculated guidelines range, it is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The district court's proper consideration of the § 3553(a) factors, including § 3553(a)(2), is inferred. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). Paredes has not shown that his sentence is unreasonable. See Gall v. United States, 128 S. Ct. 586, 602 (2007). The true nature of his argument is that the district court erred in failing to depart downwardly from the guidelines range. However, this court lacks jurisdiction to consider the district court's refusal to downwardly depart given that there is no indication that the district court erroneously believed that it lacked the authority to do so. See United States v. Hernandez, 457 F.3d 416, 424 & n.5 (5th Cir. 2006).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Paredes next challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This issue is foreclosed. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008). The district court's judgment is AFFIRMED.